RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE  11 / 9 / 06
BY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### ALEXANDRIA DIVISION

| | |
|---|---|
| KENNAN K. ALEXIS | DOCKET NO. 06-CV-1141 |
| VERSUS | JUDGE DRELL |
| CITY OF WINN, ET AL | MAGISTRATE JUDGE KIRK |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint (42 U.S.C. § 1983) of Plaintiff Kennan K. Alexis, filed *in forma pauperis* on July 3, 2006. Alexis is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is currently housed at the Winn Correctional Center ("WCC"). He names as defendants the City of Winn, Richard L. Stalder, and Warden Tim Wilkinson. Plaintiff claims that the defendants failed to protect him from physical harm inflicted by another inmate.

On August 10, 2006, Plaintiff was ordered to amend his complaint within thirty (30) days to provide the Court with more information regarding his claim. [Doc. #6] By October 17, 2006, Plaintiff had still not submitted an amended complaint per the Court's order. Therefore, the undersigned recommended dismissal of the case pursuant to Federal Rule of Civil Procedure 41(b). On October 24, 2006, Plaintiff filed a one page document titled "Following Court's Order to Amend Claim." [Doc. #8] On November 7, 2006, the District Judge referred the case back to the undersigned for a supplemental report and recommendation in light of the new document filed by Plaintiff.

## STATEMENT OF THE CASE

Plaintiff has alleged:

1. On November 22, 2005, at approximately 5:04 a.m., Plaintiff was asleep in his bed when inmate Jeremiah Thomas beat him on the head with a long handle scrub brush.

2. Other inmates stopped Thomas from continuing the beating. [Doc. #8]

3. Thomas was placed in lock down.

4. On March 7, 2006, Thomas was released from lock down and placed in the cell next door to Plaintiffs.

5. On March 27, 2006, at approximately 1:40 p.m., Plaintiff was sleeping in his bed. Inmate Rodney Brown attacked Plaintiff by stabbing him with an ice pick. [Doc. #8]

6. Twenty-five minutes went by before the prison tended to Plaintiff's wounds, and the medical staff showed a lack of concern.

7. Plaintiff wrote a letter to the warden concerning his safety, but the warden never responded.

## LAW AND ANALYISIS

Plaintiff does not allege that he fully exhausted the administrative remedies available to him. Plaintiff states that he sent a letter to the warden after the stabbing, and the warden did not respond. Plaintiff did not allege, and submitted no evidence indicating, that he proceeded to the next step required for exhaustion under the regulations governing administrative remedies for prisoners in the custody of the Louisiana Department of Corrections ("DOC").

The Civil Rights of Institutionalized Persons Act, 42 U.S.C. §1997e, was amended by the Prison Litigation Reform Act (PLRA). As amended, §1997e(a) makes mandatory the requirement

2

that prisoners exhaust all available administrative remedies prior to filing suit in court. Since the passage of the PLRA, the Fifth Circuit has explained that although the prior version of §1997e, as interpreted by the Supreme Court in McCarthy v. Madigan, 503 U.S. 140, 149-50 (1992), "contained a 'limited' exhaustion requirement that courts had 'ample discretion' to forgo... [i]n contrast, the current version at issue here provides no such discretion -- **exhaustion is mandatory**." Arawole v. Hemingway, 2006 U.S. Dist. LEXIS 56229 (D. Tex. 2006)(emphasis added), citing Clifford v. Gibbs, 298 F.3d 328, 332 (5th Cir. 2002)(other citations and quotations omitted); see also Porter, 534 U.S. at 524 (Exhaustion is mandatory, irrespective of the forms of relief sought and offered through administrative avenues); Days v. Johnson, 322 F.3d 863, 866 (5th Cir. 2003).

Plaintiff has failed to exhaust the administrative remedies available to him. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections and was in its custody upon his entry into WCC. Administrative remedy procedures have been adopted by the DOC as well as sheriff's maintaining parish jails or correctional centers, and even private corporations maintaining correctional centers. See LSA R.S. 15:1171 *et seq.*; 22 LA ADC Pt. I, § 325(LAC 22:I.325); LR 28:857 (April 2002); 28:4 La.Reg. 857. In relevant part, the regulations governing administrative remedies for prisoners in the custody of the Louisiana DOC provide:

> G. Process
>
> 1. First Step (Time Limit 40 days)
>
> a. The inmate commences the process by writing a letter to the warden, in which he briefly sets out the basis for his claim, and the relief sought ... This letter should be written to the warden within 30 days of an alleged event. (This requirement may be waived when circumstances warrant. The warden, or his designee, will use reasonable judgment in such matters.) The requests shall be screened by the ARP Screening Officer and a notice will be sent to the inmate

advising that his request is being processed or is being rejected. The warden may assign another staff person to conduct further fact-finding and/or information gathering prior to rendering his response. <u>The warden shall respond to the inmate within 40 days from the date the request is received at the First Step.</u>

b. For inmates wishing to continue to the Second Step, sufficient space will be allowed on the response to give a reason for requesting review at the next level. There is no need to rewrite the original letter of request as it will be available to all reviewers at each Step of the process.

2. Second Step (Time Limit 45 days)

a. <u>An inmate who is dissatisfied with the First Step response may appeal to the Secretary of the Department of Public Safety and Corrections by so indicating that he is not satisfied in the appropriate space on the response form and forwarding it to the ARP Screening Officer within 5 days of receipt of the decision.</u> A final decision will be made by the Secretary and the inmate will be notified within 45 days of receipt. A copy of the Secretary's decision will be sent to the warden.

\* \* \*

4. Deadlines and Time Limits

a. No more than 90 days from the initiation to completion of the process shall elapse, unless an extension has been granted. Absent such an extension, <u>expiration of response time limits shall entitle the inmate to move on to the next Step in the process</u>. Time limits begin on the date the request is assigned to a staff member for the First Step response.

Giving Plaintiff the benefit of every doubt, it is clear that he did not exhaust the final administrative remedy that was available to him by filing an appeal to the Secretary of the Department of Public Safety and Corrections. When Plaintiff's initial letter to the warden was ignored, he was still required under the regulations to assume that his request had been denied and to pursue the Second Step remedy by filing an appeal with the Secretary of the Department.

4

As stated above, Plaintiff must have <u>fully</u> exhausted the administrative remedy procedure before proceeding herein. Since Plaintiff failed to exhaust administrative remedies prior to filing this suit, his complaint is subject to dismissal on that basis.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's Civil Rights Complaint be **DISMISSED**, without prejudice, for failure to exhaust all available administrative remedies prior to filing suit as mandated by the provisions of 42 U.S.C. §1997e(a).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this ____ day of _____, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

5